UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60011-CR-ROSENBAUM/Snow

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE D. BARBARY, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendant **Monica Lewis'** Motion to Suppress Evidence and Fruit of the Poisonous Tree Through the Use of a G.P.S. Tracking Device Placed on a 2008 Toyota Corolla (DE 222), which was referred to United States Magistrate Judge, Lurana S. Snow, for Report and Recommendation. The Defendant is charged by Indictment with conspiracy to distribute and to possess with intent to distribute oxycodone and five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One) and conspiracy to use telephone and cellular telephone facilities to commit drug felonies, in violation of 21 U.S.C. §§ 846 and 843(b) (Count Two). The Defendant seeks to suppress evidence obtained as the result of a tracking device placed on a vehicle prior to the Supreme Court's decision in United States v. Jones, ___ U.S. ___, 132 S.Ct. 945 (2012). The motion is fully briefed and oral argument was conducted on July 18, 2012.

### I. FACTS

The pertinent facts are not in dispute. In August 2011, United States District Judge Donald M. Middlebrooks authorized the wire and electronic interception of cellular telephones utilized by Defendant Andre Barbary. On September 21, 2011, a GPS tracking device was placed

on Defendant Lewis' 2008 Toyota Corolla while it was parked in a public space. Investigating agents installed the device to monitor Defendant Lewis, based on intercepted conversations establishing that the Defendant was traveling between South Florida and the Fort Myers, Florida area, transporting money and cocaine. No search warrant was obtained prior to the installation of the tracking device.

On September 29, 2011, law enforcement officers stopped Defendant Lewis for a traffic offense while she was driving the vehicle toward Fort Myers. Agents seized from the trunk of the vehicle more than 600 grams of cocaine. The tracking device was removed at that time. On October 24, 2011, based on advice from counsel for the Government that a decision in Jones was imminent, agents obtained a Tracking Warrant to resume monitoring of the vehicle. (DE 270-1) Monitoring resumed on October 28, 2011, and ceased on December 1, 2011.

## II. DISCUSSION

Defendant Lewis seeks to suppress all evidence seized as the result of the warrantless tracking of her vehicle from September 21 to September 29, 2011 based on Jones, which was decided on January 23, 2012. Jones held that "the Government's installation of a GPS device on a target's vehicle, and its use of that device to monitor the vehicle's movements, constitutes a 'search.'" Jones, 132 S.Ct. at 949. The Court so held because the action of the Government in installing the device constituted a trespass, as opposed to addressing whether the target had a reasonable expectation of privacy in the undercarriage of his vehicle while parked in a public place. The Court declined to consider the Government's argument that the search was reasonable under the Fourth Amendment because it was based on both reasonable suspicion and probable cause, since the Government had failed to present that argument to the appellate court. Id. at 954.

Prior to Jones, clear precedent in this Circuit provided that the warrantless installation of a tracking device on a vehicle, when based on reasonable suspicion, was permissible. United States v. Michael, 645 F.2d 252 (5th Cir. 1981) (*en banc*). In an unpublished decision issued in 2010, a panel of the Eleventh Circuit went further by holding that the appellant had no reasonable

expectation of privacy with respect to the exterior of a vehicle parked in a place easily accessible to the public and reachable from a public thoroughfare, and therefore the warrantless installation of a GPS device on that vehicle was lawful. United States v. Smith, 387 Fed. Appx. 918, 921 (11th Cir. 2010).

In the instant case, the Government argues that no warrant was required because the installation of the GPS device on Defendant Lewis' vehicle was based on reasonable suspicion that had been provided by conversations intercepted pursuant to the wiretap. Additionally, the Government contends that the exclusionary rule does not apply "when the police conduct a search in objectively reasonable reliance on binding judicial precedent. Davis v. United States, ___ U.S. ___, 131 S.Ct. 2419, 2428 (2011). *See, also* Herring v. United States, 555 U.S. 135, 144 (2009) (exclusionary rule does not apply to police action based on a bookkeeping error).

This Court need not decide whether a search warrant is required when a tracking device is installed based on reasonable suspicion or probable cause, since the officers in the instant case "acted in strict compliance with binding precedent, and their behavior was not wrongful." Davis, 131 S.Ct. at 2428-29. Under these circumstances, the evidence seized as the result of the tracking device installed on Defendant Lewis' vehicle should not be suppressed. United States v. Nelson, 2012 WL 3052914 *2-3 (S.D.Ga. July 25, 2012).

## CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendant **Monica Lewis'** Motion to Suppress Evidence and Fruit of the Poisonous Tree Through the Use of a G.P.S. Tracking Device Placed on a 2008 Toyota Corolla (DE 222) be DENIED.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with The Honorable Robin S. Rosenbaum, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 6th day of September, 2012.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record